## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
                                                    )
DAVID JACK BAROUCH,                                 )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )        Civil Action No. 14-0552 (ABJ)
                                                    )
UNITED STATES DEPARTMENT                            )
OF JUSTICE, *et al.*,                               )
                                                    )
                    Defendants.                     )
———————————————————————— )

## <u>MEMORANDUM OPINION</u>

On April 1, 2014, plaintiff David Jack Barouch filed a *pro se* complaint under the Freedom

of Information Act ("FOIA") and the Privacy Act of 1974 against the United States Department

of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  The

parties cross-moved for summary judgment, and the Court granted judgment to defendants on all

but two issues, remanding the matter for further proceedings.  The parties have now cross-moved

for summary judgment a second time, and the Court finds that defendants have addressed the only

two issues that remain in this case, and that judgment in their favor is appropriate.  Accordingly,

the Court will grant defendants' renewed motion for summary judgment and deny plaintiff's

renewed cross-motion for summary judgment.

## BACKGROUND

Plaintiff is incarcerated at the Seagoville Federal Correctional Institution in Seagoville,

Texas, Compl. [Dkt. # 1] at 1, serving a 120-month sentence for possession of an unregistered

destructive device, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  *See Barouch v. DOJ*

(*Barouch I*), 962 F. Supp. 2d 30, 40 (D.D.C. 2013).  This is plaintiff's second action against DOJ

and ATF seeking disclosure of records in his name and those related to the crime for which he is

incarcerated, and the Court's second Memorandum Opinion in this particular case. *See id.*;

*Barouch v. DOJ* (*Barouch II*), No. 14-0552 (ABJ), 2015 WL 1505965, at *1 (D.D.C. Mar. 31,

2015).

## I.      Plaintiff's First FOIA Request and Lawsuit

In April and May of 2011, plaintiff submitted FOIA requests to the Criminal Division of

the DOJ, the United States Marshals Service, the Executive Office for United States Attorneys,

the Federal Bureau of Prisons, the Department of the Treasury, and ATF. *Barouch I*, 962 F. Supp.

2d at 39–40. Plaintiff's requests sought "full disclosure and release of all files, records, data and/or

information maintained by" each agency under plaintiff's name. *Id.* at 41.

On January 23, 2012, plaintiff filed a *pro se* complaint in this Court under FOIA and the

Privacy Act against all of the agencies to which he had sent FOIA requests, as well as the

Department of Justice and the Parker County Sheriff Department.[1]  *Id.* at 39–40 & n.1. The

complaint alleged that defendants had failed to respond to plaintiff's FOIA requests, and asked the

Court to compel disclosure of the "entire record of investigation" related to plaintiff for the years

2010 and 2011. *Id.* at 46.

The defendants filed two partial motions for summary judgment or dismissal. *Id.* at 46–

47. The Court granted the defendants' first partial motion for summary judgment, and granted in

part and denied in part the defendants' second partial motion for summary judgment. *Id.* at 70.

With respect to ATF, one of the two defendants in the instant case, the Court found that plaintiff's

claim for one set of documents was barred for failure to exhaust administrative remedies, *id.* at 50,

---

1      The Court dismissed the claims against the Parker County Sheriff Department *sua sponte*
because it was not subject to FOIA. *Barouch I*, 962 F. Supp. 2d at 46.

and that ATF had properly withheld a second set of documents under the relevant FOIA exemptions. *Id.* at 62. The Court also found that it did not have jurisdiction to consider plaintiff's claims under the Privacy Act because plaintiff had not exhausted his administrative remedies under the Act. *Id.* at 66–68.

## II.   Plaintiff's Second FOIA Request and Lawsuit

On September 3, 2013, plaintiff submitted another FOIA request to ATF seeking "access to all records in agency files, including but not limited to" the following information:

> 1) A micro cassette tape recording taken at the Fort Worth Jail Unit in September or October of 2010, in which David Barouch was recorded talking with ATF Agent Riddle and Attorney Franklyn "Mic" Mickelsen on the subject of the Government's promise of 5K1 treatment in this case in exchange for a signed written confession by murderer Eddie Sutton and Barouch provided a map of the burial location and location of the murder weapon. Mr. Barouch was informed that he would be recorded and he viewed the operation of this tape recording.
>
> 2) A recording taken at the Fort Worth Jail Unit in October or November of 2010 in which Eddie Sutton, ATF Agent Riddle and an unnamed Texas Ranger discussed the Government's prior commitment to provide a 5K1 for Barouch due to Sutton's prior cooperation with Barouch . . . .
>
> 3) A third recording [that] was taken at the Fort Worth Jail Unit [in] October or November or December of 2010 attended by ATF Agent Riddle, unnamed Texas Ranger, and Eddie Sutton about his concern of the Governmetn's [sic] prior commitments to extend 5K1 and Rule 35 reductions of sentence . . . .
>
> 4) All explosive reports including but not limited to ATF Reports of Investigation numbers 3, 4, 5, 6, and 7.
>
> 5) All reports reviewed and written by Explosive Enforcement Officer (EEO) Bennett and recorded by the ATF.

Ex. F to Compl. [Dkt. # 1-1] at F3–F4.

On June 24, 2014, ATF released a set of responsive records to plaintiff, Letter from Stephanie M. Boucher, Chief, ATF Disclosure Div., to plaintiff (June 24, 2014) [Dkt. # 8-11] at 1,

and on July 1, 2014, it filed a motion for summary judgment.  Defs.' Mot. for Summ. J. [Dkt. # 8]

("Defs.' Mot."); Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 8-1] ("Defs.' Mem.").  Plaintiff

filed an opposition to defendants' motion for summary judgment combined with a cross- motion

for summary judgment on October 21, 2014.  Pl.'s Mot. for Summ. J. [Dkt. # 15] ("Pl.'s Mot.");

Pl.'s V. Mem. Resp. to Defs.' Mot. & Defs.' Mem. [Dkt. # 15-1].

On March 31, 2015, the Court granted in part and denied in part the parties' cross-motions

for summary judgment.  Order (Mar. 31, 2015) [Dkt. # 25] at 1; Mem. Op. (Mar. 31, 2015) [Dkt.

# 26] ("Mem. Op.") at 29.   The Court found that defendants had conducted an adequate search for

records responsive to plaintiff's request, and that defendants had properly withheld records under

FOIA Exemptions 5, 6, 7(C) and 7(E).  Mem. Op. at 8, 16–24.  The Court further found that

defendants had not adequately justified the withholding of 97 pages of grand jury records under

FOIA Exemption 3 in conjunction with Federal Rule of Criminal Procedure 6(e).  *Id.* at 24–26.

Finally, the Court found that defendants had justifiably invoked Privacy Act Exemption j(2) with

respect to all records but one, "document 74."  *Id.* at 28.   The Court remanded the case to

defendants for further proceedings with respect to the grand jury records and document 74.[2]  Order

(Mar. 31, 2015); Mem. Op. at 25–26, 28.

On April 29, 2015, defendants filed a renewed motion for summary judgment.  Mem. of P.

& A. in Supp. of Defs.' Renewed Mot. for Summ. J. [Dkt. # 29] ("Defs.' Renewed Mot.").

Plaintiff responded with a cross-motion for summary judgment and opposition on June 8, 2015.

Answer to Defs.' Renewed Mot. & Pl.'s Mem. of P. & A. in Supp. of Pl.'s Renewed Mot. for

---

2      The Court remanded this matter to defendants with respect to those two issues only, and so
it will not address plaintiff's arguments related to questions that the Court has already decided.
*See, e.g.*, Answer to Defs.' Renewed Mot. & Pl.'s Mem. of P. & A. in Supp. of Pl.'s Renewed
Mot. for Summ. J. [Dkt. # 32] at 6–7.

Summ. J. [Dkt. # 32] ("Pl.'s Renewed Mot."). Defendant filed a reply on June 16, 2015, Reply to

Pl.'s Renewed Mot. [Dkt. # 33] ("Defs.' Reply"), and plaintiff filed a cross-reply on July 10, 2015.

Answer to Defs.' Reply [Dkt. # 35] ("Pl.'s Reply").

## STANDARD OF REVIEW

In a FOIA case, the district court reviews the agency's action *de novo* and "the burden is

on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v.*

*Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "FOIA cases are typically and appropriately decided

on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).

On a motion for summary judgment, the Court "must view the evidence in the light most

favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making

credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706

(D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But where

a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award

summary judgment solely on the basis of information provided by the agency in declarations."

*Moore*, 601 F. Supp. 2d at 12.

## ANALYSIS

### I.      Defendants' reliance on Exemption 3 is justified.

FOIA Exemption 3 permits an agency to withhold records that are "specifically exempted

from disclosure by statute," provided that the statute either "requires that the matters be withheld

from the public in such a manner as to leave no discretion on the issue; or establishes particular

criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C.

§ 552(b)(3). Here, defendant ATF withheld 97 pages of grand jury records under Exemption 3 in

conjunction with Federal Rule of Criminal Procedure 6(e), which protects the secrecy of grand

jury proceedings. Rule 6(e) qualifies as a statute for purposes of FOIA Exemption 3 because it was affirmatively enacted by Congress. *See Fowlkes v. ATF*, 67 F. Supp. 3d 290, 301 (D.D.C. 2014), citing *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867–68 (D.C. Cir. 1981).

Rule 6(e) does not draw "a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury." *Senate of P.R. ex rel Judiciary Comm. v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987), quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc). "There is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Id.* Rather, "the touchstone is whether disclosure would tend to reveal some secret aspect of the grand jury's investigation," such as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Id.* (citations and internal quotation marks omitted). Notably, the D.C. Circuit has held that the disclosure of a grand jury subpoena necessarily reveals a secret aspect of the grand jury's investigation. *Lopez v. DOJ*, 393 F.3d 1345, 1350 (D.C. Cir. 2005) ("All grand jury subpoenas . . . fall within FOIA's third exemption"); *see also Boehm v. FBI*, 983 F. Supp. 2d 154, 159–60 (D.D.C 2013) (holding that withholding of records related to a federal grand jury subpoena was proper under FOIA Exemption 3 and Rule 6(e)); *Marcusse v. DOJ Office of Info. Policy*, 959 F. Supp. 2d 130, 143 (D.D.C. 2013) (same); *Kishore v. DOJ*, 575 F. Supp. 2d 243, 255 (D.D.C. 2008) (same).

The Court previously found that defendants had not carried their burden to justify the withholding of the 97 pages of grand jury records under Exemption 3 and Rule 6(e) because they had failed to provide any description of the materials or to show that "no portion of the 97 pages was 'reasonably segregable.'" Mem. Op. at 25, quoting 5 U.S.C. § 552(b), and citing *Senate of*

*P.R.*, 823 F.2d at 582.  But defendants have now provided enough detail about the records to permit the Court to conclude that the withholding was justified.

In a declaration submitted in support of defendants' renewed motion for summary judgment, Stephanie M. Boucher, Chief of the Disclosure Division at ATF, explains that the 97 withheld pages "are comprised of a grand jury subpoena for records and the records produced in response to the grand jury subpoena."   2d Decl. of Stephanie M. Boucher, Chief, Disclosure Division, ATF [Dkt. # 29-1] ("2d Boucher Decl.") ¶ 5.  She further specifies that the records produced in response to the subpoena consist of financial documents that "provide the direction of the grand jury investigation as well as lay the groundwork for how Mr. Barouch proceeded with the attempted murder of his ex-wife through the use of a destructive device."  *Id.* ¶ 6.

Given that "[a]ll grand jury subpoenas . . . fall within FOIA's third exemption," *Lopez*, 393 F.3d at 1350, the Court concludes that ATF properly withheld the grand jury subpoena and related records under FOIA Exemption 3 and Rule 6(e), and that no portion of those records was reasonably segregable.  *See* 5 U.S.C. § 552(b).

## II.   The Privacy Act does not mandate disclosure of document 74.

Under the Privacy Act, each "agency that maintains a system of records" must, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1).  Agencies may, however, promulgate rules exempting particular systems of records from section 552a(d)(1) under the conditions described in section 552a(j).  Defendants previously established that almost all of the records responsive to plaintiff's request fell under the exemption in section 552a(j)(2), which shields many types of records that are "maintained by an agency or component thereof which

performs as its principal function any activity pertaining to the enforcement of criminal laws,"

including "information compiled for the purpose of a criminal investigation" that is "associated

with an identifiable individual."  5 U.S.C. § 552a(j)(2); Mem. Op. at 26–28.  But defendants had

failed to account for one of the responsive records, document 74, an audio recording found only

in the personal files of an ATF Special Agent, and so the Court remanded that issue for further

explanation.  Mem. Op. at 28.

The Court finds that defendants have now shown that the Privacy Act does not mandate

disclosure of document 74 because that record was not located in a "system of records" covered

by the Privacy Act.  The Privacy Act defines a "system of records" as "a group of any records

under the control of any agency from which information is retrieved by the name of the individual

or by some identifying number, symbol, or other identifying particular assigned to the individual."

5 U.S.C. § 552a(a)(5).  "A system of records exists only if the information contained within the

body of material is both retrievable by personal identifier and actually retrieved by personal

identifier."  *Paige v. Drug Enforcement Admin.*, 665 F.3d 1355, 1359 (D.C. Cir. 2012) (emphasis

omitted), quoting *Maydak v. United States*, 630 F.3d 166, 178 (D.C. Cir. 2010).  For that reason,

courts typically find that records that are "stored or maintained by agency employees in their desk

drawers, in their file cabinets, or on their personal computers . . . fall outside the 'system of records'

requirement."  *York v. McHugh*, 850 F. Supp. 2d 305, 314 (D.D.C. 2012) (collecting cases); *see

also Henke v. Dep't of Commerce*, 83 F.3d 1453, 1461 (D.C. Cir. 1996) ("[T]here is no magic

number of incidental or *ad hoc* retrievals by reference to an individual's name which will transform

a group of records into a *system of records* keyed to individuals.").

Document 74 consists of a voice recording "specifically made with a third party, regarding

the crime committed by the third party" that "had nothing to do with" plaintiff.  2d Boucher Decl.

¶ 13.  Defendants located this record not by conducting a name search or using some other identifying number or symbol, but only after an employee diligently searching for records responsive to plaintiff's request "reached out to [plaintiff's] former case agent," and the agent retrieved the record from his personal files.  *Id.* ¶¶ 7–8, 10.  There is no indication that the personal files of this agent were structured in a way to permit the types of retrievals that characterize a "system of records" under the Privacy Act.  *See* 5 U.S.C. § 552a(a)(5); *Paige*, 665 F.3d at 1359; *see also York*, 850 F. Supp. 2d at 314–15 (holding that a file stored on a shared "J" drive did not fall within a "system of records" because "there [was] no evidence that the agency used the shared drive to retrieve information by personal identifiers and the drive was not created for employees to do so").[3]

Given that the Privacy Act only applies to records located within a "system of records," the Court finds that defendants properly withheld document 74 from plaintiff.  *See* 5 U.S.C.

---

[3]     Moreover, although plaintiff contends that this record *should* have been placed in his own case file, he provides no authority for that assertion beyond the unsubstantiated arguments that the record did relate to him, contrary to defendants' declaration, and that "[a]ny ATF expert would categorically state the tapes did not solely belong in a personal file, this is an ATF procedural violation."  Pl.'s Renewed Mot. at 3; *see also* Pl.'s Reply at 1–2.  These allegations, however, do not constitute evidence that defendants have concealed the truth or acted in bad faith, and so the Court "may award summary judgment solely on the basis of information provided" in defendants' declarations.  *Moore*, 601 F. Supp. 2d at 12.

§ 552a(d)(1) (requiring agencies to release "record[s] or . . . information pertaining to" an individual requestor if that information "is contained in the system [of records]").[4]

### CONCLUSION

Accordingly, the Court will grant defendants' renewed motion for summary judgment and deny plaintiff's renewed motion for summary judgment.  A separate order will issue.

_Amy B Jackson_

AMY BERMAN JACKSON
United States District Judge

DATE:  September 18, 2015

---

[4]     The Court further notes that even if document 74 had been located in a Privacy Act system of records, there would be two additional bases for the conclusion that it is exempt from disclosure in this case.  First, there is no evidence beyond plaintiff's own assertions that document 74 is a record "pertaining to him" as required by the Privacy Act's disclosure provision.  *See* 5 U.S.C. § 552a(d)(1); *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1121 (D.C. Cir. 2007) (stating that only records "about" the requesting party "are subject to disclosure based on [a] § 552a(d)(1) request"); *see also* 2d Boucher Decl. ¶ 13 (stating that document 74 consists of a voice recording "specifically made with a third party, regarding the crime committed by the third party, and the content of the interview had nothing to do with Mr. Barouch").  And second, the record was "maintained by an agency or component thereof which performs as its principal function . . . activity pertaining to the enforcement of criminal laws," and consists of "information compiled for the purpose of a criminal investigation" that is "associated with an identifiable individual."  *See* 5 U.S.C. § 552a(j)(2).  Therefore, if the Privacy Act did apply to document 74, it would be subject to withholding under Exemption (j)(2).  *See id.*